*GUIBERT* vs. *HERPIN.*

APPEAL from the court of the first district

MARTIN, J. delivered the opinion of the court. The defendant is sued for an amount of $338 which the plaintiff charges she gave him to defray the deceased's funeral expenses. He pleaded the general issue, and that if he did receive the money, he has a right to retain it for a debt due him by the deceased.

The curatrix who gives money to be laid out for the estate, may sue for it in her own name.

And the defendant cannot plead a debt due by the testator in compensation.

There was judgment for the plaintiff for $25, the court being of opinion he had received $208 only for the funeral expenses. The other $100 being paid him on account of his debt. He appealed.

The only question is whether the defendant, having proved that a much larger sum is due than the $125, there ought not to have been judgment in his favor.

In the present action the plaintiff had no need to call herself curatrix of the estate. She might have sued in her own right. Had she done so, it is clear her husband's debt could not have been pleaded as a set off.

Can it be shewn the cause of action arose after the husband's death? The parish judge correctly decided it could not; for it is only

payable *a pro rata* of the funds of the estate, the curatrix cannot pay it, without payment being ordered contradictorily with the other creditors. It must be sued for, and liquidated by the court of probates. Were the defendant sued for a debt originating in the life time of the deceased, he might well contend that it had been extinguished *de facto* by the debt afterwards created by his debtor, or that the creditor was bound to allow as a set off, an earlier debt of his.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.

*Moreau Lislet* for the plaintiff, *Grymes* for the defendant.